Case number 19-5753, USA v. Jamar Garrison, argument not to exceed 15 minutes per side. Ms. Rabin, you may proceed for the appellant. Thank you. Good morning, Your Honors. I'm Margaret Rabin. I represent the appellant Jamar Garrison in this direct appeal from his jury conviction. I raised five issues in my brief. I want to concentrate my argument on three of them. The issues relating to the discovery violations, the issues relating to the abuse of discretion in denying the defense, the ability to cross-examine the government's star witness, and then the last issue I raised, which I'll characterize as the re-hate argument. With regard to the discovery violations, the question that probably arises, why does this make any difference? And the reason it makes a difference is because the defense in this case was predicated, the defense was sloppy investigation, failure to test the evidence, hidden witnesses, staged photos of the evidence in place, questionable witnesses, all equal to beyond a reasonable doubt. And the primary piece of that was the failure to do any scientific testing. The pretrial order in this case required disclosure of test exams and results. It clearly covered this fingerprint evidence test. And the fact that it is a negative test doesn't make any difference for purposes of this argument, because the argument was that it allowed the defense to blunder into this argument that there had been no testing, when in fact there had been testing. The other part of the case... Counselor, can you suggest with a little more specificity how you would have altered the defense? I don't know how they would have. I don't... I can't... What comes to mind is perhaps the case might not have even gone to trial. But for the government to not know... I'm sorry, because Judge Strange's question is a good one. Don't you have to demonstrate how things would be different? In other words, how the delay resulted in prejudice that materialized, made something different in this case, an outcome different, or something of the sort? Yes, I think I do. And I think the outcome is the defense opening statement, which states, there has been no scientific testing here to determine who actually had their fingers on the gun and the drugs that were hidden in the truck. And I agree it's problematic that the government didn't turn that into a score, but the ultimate burden remains on you at this point, right? To show that that delay resulted in prejudice. And just saying it would have been one statement differently doesn't demonstrate prejudice. Well, I think... I think it does, Your Honor. Okay, and explain why. It cut out the defense. It simply eviscerated the part of the defense that was predicated on the failure to testing is part of the reason why you should have reasonable doubt. But he, as you pointed out... I'm sorry, was it a man or woman that was the defense attorney below? At trial, it was a man. And he said, so staged photographs, hidden witnesses, lack of fingerprint evidence, and two likely suspects create reasonable doubt. So it's one in a series. It's not, you know, the primary focus of the defense, nor was it throughout the trial. It was just one in a series, as you said, of investigative blunders. Well, I disagree with you because the principal argument was going to be no scientific testing. Why didn't they test this, the drugs and the gun for fingerprints? That would have answered the question of who at least had their, literally, their fingerprints on it when it was hidden in the truck. And I do not understand how the government gets to violate its discovery obligations. And there are no consequences. The only one who's... Counsel, this is Judge Boggs. You do have to show some prejudice. And when it came out that the fingerprint result was negative, that is, they couldn't determine it, doesn't that play into your defense that they even tried and they couldn't find anything on my client? It's a little bit different, but it sort of helps. And did you or your counsel below tell the jury that they just now let us know this? They had been hiding that all this time, and just now let us know that they couldn't find any fingerprints. Judge Boggs, I was not trial counsel. Trial counsel did not do anything with the belated disclosure. I will say that. And perhaps he could have, but he did not. But what happens with that belated disclosure is, frankly, it makes the defense attorney look like an idiot, like a liar, in his opening statement. Does it or does it make the government look like they're bungling this case? Because is it the point that he could have and should have made? Look, I've been demanding this all along and now the government turns it over and it doesn't have my guy's fingerprints on it. Surprise, surprise, they hid this from me and it doesn't have my guy's fingerprints on it. Your Honor, perhaps that is something that trial counsel should have done. He did not do it. I will agree with that. There was no argument or testimony in front of the jury, at least, about the circumstances of this failure to disclose. The second part... The matter that he was then allowed to recall the witness, is that sufficiently remedial or not? Well, I don't support allowing him to recall the witness if he wanted and questioning him about the report. Well, the witness was Louisville Police Detective Crawford who, yes, could have been recalled. I'm not sure that they had closed his testimony. When the issue of actual disclosure of the report occurs, because the government takes the position that, well, there is no report, despite what Crawford testifies to. And then, ultimately, it turns out, yes, indeed, there is a report. It's not been disclosed. If the government doesn't know about it, I'm sorry. Kyles v. Whitley says that doesn't make any difference. The government is required to look for it. And they took this case. The feds took this case over from the state. I don't have an explanation for why it wasn't disclosed. Well, assuming that we all agree, or we will... Let's just assume that we do agree that it's a Brady material. It was a violation of Rule 16 and the pretrial order. That still leads us back to the materiality question, doesn't it? What's your best argument for why the delayed disclosure satisfies that materiality requirement that undermines confidence in the integrity of the conviction? My best argument is it allowed the defense to posit a defense, to create part of a defense here that, in fact, was based on untruth. There had been testing. There had been testing. It wasn't disclosed. It allowed the defense attorney to make an argument to the jury that he could not prove because of the government's failure to disclose this report, that they should have had it. They should have disclosed it. It's no big deal. It's a fingerprint, a negative fingerprint report. That's the best I can say on this. I would like to move on to the rehafe argument. I filed my pleading in this case before the Ford case, before Raymoor, before there's been a string now of Sixth Circuit cases talking about rehafe in the context of a plain error argument where the trial occurred before rehab. I understand that the governing case is U.S. v. Ward. The concern I have about the Ward case is it's being cited and the government did cite it for the principle that an old chief stipulation is enough to satisfy the third and fourth elements of the plain error review. I think that case law says that that is not completely correct, that the third element, which is the reasonable probability that but for the error, the outcome would have been different, allows the court to look at the trial evidence, what evidence was presented at trial. In this case, there wasn't any other evidence that would allow the jury to make the factual finding that Garrison knew about the prior conviction as opposed to, in fact, being convicted. I don't understand. Under old chief, if the government is forced to stipulate, it's one of the rare occasions the government can be forced to stipulate, then if I was the trial judge and they tried to introduce evidence of the prior conviction, I would probably declare a mistrial. I mean, how can they do it once the stipulation is entered? And isn't it true this guy had 27 felonies after age 18? Let me take it in parts, Judge Thapar. All right. The trial judge here certainly would not have been able to allow the government to introduce evidence on that issue. It's pre-Rehaf. We all know that. Rehaf flipped the script. But even post-Rehaf, you couldn't introduce evidence if the defendant stipulated it. Well, I'm not so sure about that because the defendants... Definitely don't want that to be the law. A lot of defense attorneys are going to want your throat. Well, they do as a general matter anyway. But what I'm saying is that the old chief stipulations now are going to have different language in them. And I'm certainly seeing this already in the Eastern District of Michigan is the old chief stipulation now includes the specific, I'll call it the Rehaf language in it. The question is the government would not have been expected to do this. Could they have done it? Well, a prior conviction is usually admissible if you have the supporting documents for it. And my client does have prior felonies. But that argument, I think, goes to the fourth element, whether there is a substantial impact on the fairness, integrity, and reputation of judicial proceedings. And in this case, there is. My client is serving 15 years on the felon in possession conviction, count one, because... It has to be unfair if he has 27 prior felonies in whatever it is, 12 years. Because he has to be convicted of every element of the offense. In order for it to... The evidence, if you look at Nader, even on a harmless beyond a reasonable doubt standard, which is lower than plain error, if the evidence is overwhelming that the element would be met, then we need not send it back to the jury. That goes back to the issue of does the fact of the conviction necessarily require that the defendant know that he has a felony conviction? That's the distinction the cases are making. And when they're looking at the evidence at trial, they're looking for other evidence that the defendant knew it. And in some cases, it's pretty simple. They've got a recorded telephone call from the jail saying, I knew I shouldn't have the guns. Or they've got a conversation from a witness who says, well, he told me he knew he wasn't supposed to have any of this stuff. That's what's missing from this case. And if we're results-oriented, maybe it doesn't make any difference. But the process and the procedure here, the fairness of Garrison's trial, is, I think, compromised right out of the gate. From the defense opening statement, that trial was not fair. And his conviction on the rehab charges is not fair. Counselor, on rehab, help me understand what... Would you think that it is appropriate to place into evidence a conviction for possession, a felon in possession? If one of those 27 is... He has already been convicted of being a felon illegally in possession of a firearm. Is that what you're getting to? That that should be included in evidence? Or you think nothing other than the stipulation and then some current evidence that would show knowledge? Are we talking pre-rehab or post-rehab? Let's talk post. That's where we are. Post-rehab... I'm sorry, my time is up. May I answer? Please answer that and summarize it. Post-rehab, the government must prove defendant's knowledge of his prior conviction. I think they can do that any number of ways. And in fact, in every single post-rehab case that I've read, there has been something else in the trial. Either in the trial or in the consideration of the substantial impact, the discretionary review part of plain error. And your position is that there's nothing here? My position is there is nothing in the trial record that would allow the court to say that it that there is no reasonable probability that the result would have been different. The jury did not... I'm sorry. Are you saying that old chief is no longer good law? That the government doesn't have to accept the stipulation post-rehab? No, I'm not saying that. But I'm saying that what will happen is the old chief stipulation will be rewritten to include the rehab element and the defendant just takes it or leaves it. Thank you for your arguments. Did you reserve rebuttal time? I did, yes, ma'am. You will have that. Thank you. Mr. Cushing? Mayor, please support Terry Cushing for the United States. I want to go back to counsel's first argument on the discovery issue. One thing my colleague on the other side kind of leaves out is that Rule 16 requires a request for evidence. The pretrial order, the pretrial discovery order also required a request for the evidence. The defendant never made a request for results of reports, tests, or any of that nature. Nothing in the line of Rule 16A1F. The motion that counsel made before trial spoke to physical evidence. Did not speak to reports. When the judge entered the order granting the request for the Rule 16, the judge cited specifically Rule 16A1E, not 16A1F, which would have covered this fingerprint report. We don't have the request. We don't have an error here. I'm struggling with that, counsel. I'm just struggling with the argument that there was not a request made. I thought by looking at the record that the request had been made both before trial and encapsulated in the court's order to you. The provision of scientific evidence or reports is just so common that I'm struggling with an argument that says you didn't ask exactly right so we don't have to give it to you. I understand the concern there, Judge, but I invite you to read very closely the order which is at Record 14 and it specifically does say that upon request the June 4th order says the District Court ordered the government to permit inspection and copying or photographing of all subject to disclosure under Federal Rule of Criminal Procedure 16. I agree there has to be a request under the rule but then Garrison made a request for exculpatory and impeaching information that included any and all physical evidence, as you point out, including but not limited to records and photos. Couldn't this be a record? No, Judge. That's covered specifically in Rule 16A1E not 16A1F. Are you saying that the government was aware of this report and didn't provide it because it wasn't requested or are you saying that the government was unaware? No, Judge. The prosecution was unaware of the report. We're still charged with knowing that it was there since it was in law enforcement. That was a mistake but it was... Can I just ask a process question? I'm kind of bewildered that a prosecutor would not ask the officers did you fingerprint the evidence? That's like one of the number one checklist prosecutor questions you ask all officers. It is absolutely, Judge. And where the error occurred here I'm not positive whether it was the prosecutor's error to make the request or if it was the detective's error to miss this report. I don't know where the error occurred. There certainly was some error here and our law certainly provides for and recognizes that human error occurs and what we look at is what was the harm? So I'm going to go where the court did in its questioning and look at what the prejudice would be even if this was a Rule 16 violation and here there was no substantial prejudice here and for many of the reasons that the court discussed with my colleague on the other side the fingerprint the statement, the opening statement about the fingerprint evidence was a very small part of the opening I feel like I'm repeating what has already been said but it was also just a series of in a series of claims that the investigation was shoddy the fact that we didn't realize that there was a report and turned it over during the trial is a point again I feel like I'm repeating what has already been said but a point that counsel could have made at the trial and used that within the same theme that he used in his opening statement so there simply was not a significant prejudice here to overturn this and look at the other evidence in this case there was a substantial amount of evidence in this case Garrison's pointing at Bullington and hitting on Bullington so hard kind of ignores Phillip White was the witness who testified that Garrison asked him to rent the truck first and Phillip White was the one who rented it for and Garrison was driving it around and using it before Bullington ever even came into the picture so that kind of undercuts his claim that Bullington was the one who put this evidence in the truck and two it's not very logical why would a drug dealer actually put evidence in a truck and have somebody else driving it around who doesn't know anything about it isn't part of the business so the evidence here is very strong if not overwhelming Garrison had the truck, he was in the truck and when he was caught with the evidence he was sweating in December watching as the detectives found or officers found his drugs and his gun. He's the one with the substantial prior record of I think it was 27 felony convictions so the evidence here shows that this mistake was not something that altered the trial or made the trial an unfair one or would have had any effect on the verdict so we ask the court to affirm on that basis if there's no more questions on that just the only other thing we talked about this morning was Rehaif and I'm sorry I was pronouncing Rehaif too until I went to a seminar and they were saying it's Rehaif and I thought I might be offending somebody mispronouncing their name so on the Rehaif issue  opponent or my colleague on the other side doesn't like Ward it really doesn't help her argument because Ward is binding precedent in this circuit and Ward makes sense doesn't Ward also say that although the stipulation of a prior felony does not automatically establish knowledge of felony status it's strongly suggestive of it it feels to me a little in this case that something else that we have noted in no other circuit to consider this question has used a stipulation like Garrison's as a thumb on the scale for finding that the error in the indictment did not affect the defendant's substantial rights I'm wondering if we're moving away in argument from the concept that yes you stipulate it but that's not the end of the game you know you made the stipulation we're done here and I don't think that's what Ward says well no it's not and that wasn't our argument with all due respect your honor our argument was that the stipulation is evidence that the court can consider and it does weigh on the scale in favor of that there was you know harmless error here or no plain error is where we are what else do you think is necessary well the whole record the court has at its disposal to look at to determine whether this was plain error or not and here Garrison had 27 felony convictions he had 4 that qualified him as an armed career criminal so these weren't just oh could that have been a misdemeanor or a felony I'm not sure which one it was these are serious crimes that resulted in a significantly enhanced sentence and there were numerous ones so it's the record here shows that that he knew he was a convicted felon and the stipulation reflects that he wouldn't have wanted the jury to know the extent of his felony record because counsel after your adversary talked about the practice in Michigan is anything changed in Kentucky in terms of when you get an old chief stipulation do you have it say he was a felon and he knew it or how is that coming out nowadays judge I'm sorry I don't know positively the answer to that question I didn't think to discuss that with our criminal folks I believe that's probably what we're doing my guess is that it's probably pretty much across the board that most or all districts are including that language in the stipulation and the stipulation by the way is generally not offered from our side the defense is the one who asks for the stipulation at trial because it's the defense who doesn't want us to be able to show the jury what the convictions are and prove the convictions and prove that he knew because it's going to it's something that can be very difficult for the defendant so they want stipulation we don't we're perfectly happy if they want us to go ahead and prove the felony convictions in that case then what do you do to show that he that the defendant knew it that is let's suppose they didn't make a stipulation and you introduce his conviction how does that help you satisfy Rahafe these days well on the felony conviction of 922g is fairly easy we can get records from guilty pleas the entry of guilty pleas we can get records from sentences where the court advises the defendant that this was a felony conviction and we can show that the defendant was present sometimes they even answer they acknowledge yes I understand this is a felony conviction there are many ways and the fact of numerous felony convictions I had a case if it's ok for me to kind of go off record I had a case where a felon had killed a man and wanted to get Rahafe relief in 2255 well it's pretty hard to argue that killing a man could have been a misdemeanor I might not have known whether it was a felony or not so there are various ways and we can we have some direct evidence like I say of court records and then there are some reasonable inferences that can be drawn on the type of convictions that a person has the severity basically of the convictions if there's something that's not particularly severe if it's something that depending on quantity or amount of what was stolen something that could make it on the line between a felony and a misdemeanor it could be more difficult but in that case we'd probably rely more on court records and what was said to the defendant while ok fine ok so I'm happy to answer any questions the court might have otherwise your honors we ask the court to affirm the district court on all the issues that Mr. Garrison raised in his speech thank you your honor I'm alright I'll start I'm not sure what the time clock is doing but what I'll say is the government says human error occurs where is the prejudice that's the issue yes where is the prejudice the prejudice is my client's attorney could not redo his opening statement he could not shift gears now and how does he explain to the jury the significance of the failure to disclose how does the defense attorney make the jury understand that oh up until two days ago when trial started I didn't know that they had tested this evidence what is the jury supposed what sort of conclusion is the jury supposed to draw from the defense attorney trying to backpedal now and make the explanation that properly belongs  I don't know but I do know that it's prejudice in the eyes of the jury the jury's are watching the defense attorneys they're trying to figure out who's the truth teller here and the failure to disclose this made the defense attorney look like not a truth either not a truth teller or somebody who's not enough on the ball to know that in fact there is this evidence with regard to the rehaif argument and I appreciate council's correction on that because I suspect that that is the correct pronunciation the double vowel the court has properly observed that no other circuit and they've been specific about this have used the old chief stipulation as it existed pre rehaif as the thumb on the scale every single one of the other cases including the cases cited by the government in their brief have looked in the trial record for additional evidence on the reasonable on whether or not the defendant has satisfied the third plain error prong and found it and that's what's missing here with regard to my client's convictions that's not the end of it because certainly that fourth plain error prong can include an unfair excessively long sentence for the conviction that's at issue and that's the argument here this trial was unfair the conviction on count one is unfair and upholding it on appeal is fundamentally unfair and that's my argument for Mr. Garrison We thank you both for your good briefing and your arguments today and for working with us electronically the case will be taken under advisement and an opinion rendered in due course